UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23767-Civ-COOKE/TURNOFF

YVES M. CADOT,

    Plaintiff,

vs.

MIAMI-DADE FIRE RESCUE
LOGISTICS DIVISION,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
QUASH SERVICE OF PROCESS AND TO DISMISS COMPLAINT**

THIS MATTER is before me on Defendant Miami-Dade Fire Rescue Department Logistics Division's Motion to Quash Service of Process and to Dismiss Complaint (ECF No. 9). Within the time required by law, Plaintiff Yves M. Cadot, proceeding *pro se*, filed a letter attaching the Sheriff's Return of Service, which will be construed as Plaintiff's Response to Defendant's Motion to Quash Service of Process and to Dismiss Complaint (ECF No. 11). Defendant Miami-Dade Fire Rescue Department Logistics Division filed its Reply Memorandum in Support of Motion to Quash Service of Process and to Dismiss Complaint (ECF No. 12). Therefore, the Defendant's Motion to Quash Service of Process and to Dismiss Complaint is fully briefed and ripe for adjudication. I have reviewed Defendant's Motion to Quash Service of Process and to Dismiss Complaint, the Response and Reply thereto, the record, and the relevant legal authority. For the reasons provided herein, Defendant's Motion to Quash Service of Process and to Dismiss Complaint is granted.

**I.   BACKGROUND**

Plaintiff Yves M. Cadot ("Plaintiff" or "Cadot") brings this action to recover damages for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* against Defendant Miami-Dade Fire Rescue Department Logistics Division ("MDFR"). *See generally* Compl., ECF No. 1.

Plaintiff, who is Black and of Haitian descent, alleges that MDFR discriminated against her based on her race and nationality, and terminated her in retaliation for asserting her rights under Title VII.

Defendant has moved to quash service of process and dismiss the claims against it asserting that a division of a county department is not *sui juris* and cannot be sued, Plaintiff's Complaint violates Rule 8's prohibition of "shotgun pleadings," Plaintiff's prayer for punitive damages fails as a matter of law, and Plaintiff did not perfect service against it in accordance with Florida and federal law.

## II. MOTION TO QUASH

Defendant MDFR moves to quash service upon it as being ineffective. *See* Def.'s Mot. Quash Serivce of Process at 1-2. Once the sufficiency of service is brought into question, the plaintiff has the burden of provide proper service of process. *Banco Latino, S.A. C.A. v. Gomez Lopez*, 53 F.Supp.2d 1273, 1277 (S.D. Fla. 1999). If the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09–80587, 2009 WL 3336012, at *3 (S.D. Fla. 2009).

Federal Rule of Civil Procedure 4(j) governs service of process upon state or local government. Under Rule 4(j)(2),

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)-(B). Pursuant to Florida law,

> Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president, mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) On any member of the governing board, council, or commission.

Fla. Stat. Ann. § 48.111(1)(a)-(c) (West). Here, the Sheriff's Return of Service (ECF No. 11) indicates that the Complaint and Summons were served on Isabel Machin for the Board of Commissioners. However, Florida law permits service on any member of the governing

board, council, or commission only in the event that the president, mayor, chair, or other head thereof, or the vice president, vice mayor, or vice chair are all absent. Plaintiff makes no demonstration that service was attempted on any of these persons before serving Isabel Machin for the Board of Commissioners. Further, Plaintiff did not serve the County's chief executive officer in accordance with federal law. Therefore, service was not properly perfected.

Because Plaintiff cannot demonstrate that service was perfected under federal or state law, this Court lacks personal jurisdiction over Defendant MDFR. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

### III. MOTION TO DISMISS

Defendant MDFR also moves to dismiss Plaintiff's Complaint on three distinct grounds: first, the Defendant as a department of Miami-Date County is not *sui juris* and cannot be sued; second, Plaintiff's "shotgun pleading" violates Rule 8 of the Federal Rule of Civil Procedure; and third, Plaintiff's claim for punitive damages is legally untenable.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court need not have to accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A "[O]nly a

complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

A *pro se* litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action,…the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"). However, "this lenience does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

Here, even with the benefit of liberal construction, Plaintiff's Complaint fails to plead facts in a manner that states a claim to relief that is plausible on its face. "The capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). 'Although municipalities have the power to sue and be sued under Florida law, [MDFR], as a division of Miami–Dade County, lacks the capacity to be sued.' *Ingraham v. Miami–Dade Cnty. Corr. and Rehab. Dep't*, No. 09–23829, 2010 WL 3359445 at *3 (S.D.Fla. May 20, 2010) (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995)). Therefore, [Cadot's] claims against MDCR are dismissed with prejudice." *Cornwall v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, No. 10-23561-CIV, 2011 WL 3878352, at *3 (S.D. Fla. Aug. 31, 2011) (Cooke, J.).

Having determined that the Defendant is not *sui juris*, and therefore, Plaintiff cannot maintain any claims against this Defendant, I need not address either the sufficiency of Plaintiff's Complaint in conformity with Rule 8, or whether punitive damages may be asserted against a governmental agency in a Title VII action.

## IV. CONCLUSION

For the aforementioned reasons, Defendant Miami-Dade Fire Rescue Department Logistics Division's Motion to Quash Service of Process and to Dismiss Complaint (ECF No. 9) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.[1] A separate judgment in favor of Defendant Miami-Dade Fire Rescue Department Logistics Division, and against Plaintiff Yves Cadot shall issue contemporaneously pursuant to Federal Rule of Civil Procedure 58.

**DONE and ORDERED** in chambers, at Miami, Florida, this 26th day of March 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[1] *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper, however, … if a more carefully drafted complaint could not state a valid claim.").